# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN THOMAS,

    Plaintiff,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,

    Defendant.

Case No. 22-2356-HLT-BGS

## ORDER ON PLAINTIFF'S ORAL MOTION TO COMPEL

On February 6, 2024, the parties engaged in a pre-motion discovery telephone conference before United States Magistrate Judge Brooks Severson relating to the Fed. R. Civ. P. 45 subpoena(s) to witness Deya Barnett, an employee of Defendant. Plaintiff was represented during the telephone conference by counsel Sarah Liesen, Defendant by counsel Molly Walsh Keppler. As discussed, *infra*, Plaintiff's counsel made an oral motion during this telephone conference to compel Ms. Barnett to appear for her deposition, with all relevant documents in her possession, in compliance with Fed. R. Civ. P. 45.

## FACTUAL BACKGROUND

On October 25, 2023, Ms. Barnett was served with a subpoena to testify at deposition on November 13, 2023. (Docs. 48, 49.) Ms. Barnett appeared on November 13, 2023, at which time she and counsel discussed the need for documents in her possession to be produced at her deposition. Ms. Barnett indicated the documents were in her office on Defendant's premises.[1] Ms. Barnett was contemporaneously served with a subpoena *duces tecum* to appear for her deposition on November 28, 2023, but she indicated this date did not work for her. All parties (counsel and Ms. Barnett) agreed,

---

[1] The Court notes that Ms. Barnett typically works from home rather than in-person in Defendant's offices.

without further objection, to the date of November 29, 2023, for Ms. Barnett's deposition *duces tecum*. It is undisputed that the subpoena was accordingly revised in handwriting prior to being served on Ms. Barnett. (*See* Doc. 74, return of service.) Further, Ms. Barnett was instructed that she could provide the documents ahead of time.

Despite attempts by Plaintiff's counsel to contact Ms. Barnett leading up to the deposition as well as her prior agreement as to the date, time, and manner of the deposition, Ms. Barnett did not appear on November 29, 2023. Since that time, Plaintiff has made numerous additional unsuccessful attempts to contact and/or serve Ms. Barnett regarding her deposition and failure to appear.

Defense counsel contends that Ms. Barnett told defense counsel that, despite the fact that the documents are kept in her work office on Defendant's premises, the documents are personal in nature and not work-related. It is undisputed that Defendant has made no attempt to independently verify whether the documents are in fact personal to Ms. Barnett or whether they were created and kept in the ordinary course of business. Additionally, Defendant has made no attempt to determine if the documents in question are responsive to any of Plaintiff's prior discovery requests to Defendant in this case.

During the February 6, 2024, telephone conference, Plaintiff's counsel made an oral motion to compel Ms. Barnett to appear for her deposition, with all relevant documents in her possession, in compliance with Fed. R. Civ. P. 45. Defendant stated no specific objection. The Court thus **GRANTS** Plaintiff's oral motion.

THE COURT THEREFORE ORDERS Ms. Barnett to comply with the Rule 45 subpoena(s) served on her by appearing for her deposition at a mutually agreeable date and time **prior to the close of discovery on February 29, 2024**; Plaintiff's counsel will notice the deposition accordingly and provide Ms. Barnett with a copy of this Order.

THE COURT FURTHER ORDERS Defendant to engage in continued discussion with Ms. Barnett to determine whether the documents at issue are personal to Ms. Barnett or whether they were created and kept in the ordinary course of Defendant's business.  This is to occur **on or before February 16, 2024**.

THE COURT FURTHER ORDERS Defense counsel to inform Plaintiff's counsel **on or before February 23, 2024**, the results of Defense counsel's determination regarding the documents at issue.  Defendant must either produce the documents at issue (to the extent they are relevant to this litigation and/or Plaintiff's prior discovery requests) by that date or inform Plaintiff's counsel that Defendant has independently verified that the documents are irrelevant and/or personal to Ms. Barnett (while explaining why and how Defendant came to such a conclusion).

IT IS FURTHER ORDERED that Defendant will explain to Ms. Barnett the importance of her compliance with any properly served Rule 45 subpoena and explain the potential ramifications (including possible sanctions) for any additional non-compliance.

IT IS SO ORDERED.

Dated February 6, 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge